**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ROBERT REID                                    :          CIVIL ACTION

            v.                                    :

MICHAEL J. ASTRUE,                       :          NO. 06-cv-2694
COMMISSIONER OF SOCIAL SECURITY

_____

**<u>MEMORANDUM RE: SOCIAL SECURITY</u>**

**Baylson, J.**                                                          **May 23, 2008**

Plaintiff, Robert Reid ("Mr. Reid," "Plaintiff") seeks judicial review of the decision of the

Commissioner of the Social Security Administration ("Commissioner," "Defendant") denying

his application for Supplemental Security Income ("SSI") and disability insurance benefits under

the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383(c).  Jurisdiction is established under

§ 405(g) of the Act.  For the reasons that follow, the Court will deny Plaintiff's motion.

**I.**     **Background and Procedural History**

    **A.**     <u>Procedural History</u>

Plaintiff is a 50-year old man who did not complete the eighth grade.  (Pl.'s Br. at 1).  He

alleges that he has been disabled since August 29, 2003, when he was 45 years old.  (<u>Id.</u> at 2).

Plaintiff alleges that his impairments are diabetes mellitus, residual pain from past

injuries, chronic obstructive pulmonary disease, and cardiac arrhythmia.  (<u>Id.</u> at 1-2).

Plaintiff applied for disability insurance benefits and SSI on February 4, 2004.  His initial claim was denied.  He requested a hearing, which was held before ALJ Gerald J. Spitz (hereinafter "ALJ") on October 7, 2005.  The ALJ concluded that Plaintiff is not entitled to a period of disability or disability insurance benefits under the Social Security Act.  (R. 19-27).  Plaintiff again requested review.  (R. 17-18).  The Appeals Council denied his request, thus making the ALJ's decision the final decision of the Commissioner.  (R. 14-16).  Plaintiff commenced this civil action on June 21, 2006.

B.    History of Injury and Treatment

Plaintiff's history of injury and treatment is difficult to deduce, as the record lacks much in the way of medical reports.  Plaintiff himself acknowledged in his own brief that he "has proved a feckless patient, missing appointments, running out of medications and forgetting to bring his blood sugar logs or meter to his appointments."  (Pl.'s Br. at 4).

In the one doctor's report included in the record, Dr. Mary Wirshup stated that Plaintiff suffered from diabetes mellitus, arrythmia, and rhinorrhea.  (R. 117).  X-ray reports ordered by Dr. Wirshup taken of Plaintiff's chest showed his heart to be normal in size and contour, with clear lungs and no infiltrates or effusions.  (R. 110).  The results of an in-house dipstick urinalysis were negative on almost all counts, with a trace of protein and ketone appearing, and a specific gravity reading of 1.030 and a glucose reading of 1000(1).  (R. 115).

Plaintiff claims that his diabetes leads to fatigue, causing him to lose sleep and fall asleep in public.  (R. at 170).  Plaintiff alleges that his wheezing interrupts his sleep at night.  (Id.).  When Plaintiff was younger, he broke his right arm at the elbow, and the injury never healed properly, causing him to be unable to straighten his arm completely.  (R. 172).  Plaintiff was also

shot by a stray bullet in his stomach and his two fingers, which left his two fingers numb and difficult to bend.  (R. 177-178).  Plaintiff also complains of suffering from heart problems, dizziness and headaches. (R. 178-180).

## II.    Parties' Contentions

Plaintiff contends that the ALJ failed to meet his duty of developing the record.  Plaintiff argues that the Social Security Administration has an obligation to develop the record, including the complete medical history of the claimant for the relevant period, and that "the record is clearly inadequate to allow the assessment of the nature and severity of the mental impairment or impairments." (Pl.'s Br. at 3).  Plaintiff argues that the ALJ had a responsibility to order a consultative mental examination.  Plaintiff further contends that the ALJ erred in rejecting Plaintiff's testimony and in failing to discuss the testimony of Robert Williams, Mr. Reid's case manager with Human Services.  Finally, Plaintiff contends that the ALJ failed to properly assess Plaintiff's residual functional capacity (RFC).

Defendant contends that the ALJ did not abuse his discretion in failing to order a consultative mental examination, as it is Plaintiff's duty to provide medical and other evidence establishing that Plaintiff suffers from a disability.  Defendant further contends that the ALJ's rejection of Plaintiff's testimony was supported by substantial evidence, as Plaintiff's testimony was undermined by the medical evidence of record.  Defendant argues that the ALJ's lack of discussion of Mr. Williams's testimony does not warrant remand.  Finally, Defendant contends that substantial evidence supports the ALJ's finding of Plaintiff's residual functional capacity.

### III.    Legal Standard

The standard of review of an ALJ's decision is plenary for all legal issues.  See Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999).  The scope of the review of determinations of fact, however, is limited to determining whether or not substantial evidence exists in the record to support the Commissioner's decision.  See Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005).  As such, "[t]he Court is bound by the ALJ's finding of fact if they are supported by substantial evidence in the record."  Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999); see also Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1191 (3d Cir. 1986) (holding if "an agency's fact finding is supported by substantial evidence, reviewing courts lack power to reverse . . . those findings").  The Court must not "weigh the evidence or substitute [its own] conclusions for those of the fact-finder."  Rutherford, 399 F.3d at 552 (quoting Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992)).  "Substantial evidence does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (internal quotation omitted).

The Social Security Act provides for judicial review of any "final decision of the Commissioner of Social Security" in a disability proceeding.  42 U.S.C. § 405(g).  The district court may enter a judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  Id.  The Commissioner's findings, however, "as to any fact, if supported by substantial evidence, shall be conclusive."  Id. (emphasis added).  Accordingly, this Court's scope of review is "limited to determining whether the Commissioner applied the correct legal standards and whether the

record, as a whole, contains substantial evidence to support the Commissioner's findings of fact."
Schwartz v. Halter, 134 F. Supp. 2d 640, 647 (E.D. Pa. 2001).

In order to establish a disability under the Social Security Act, a claimant must demonstrate that he suffers from a mental or physical impairment that prevents him from engaging in substantial gainful activity for a period of at least twelve months.  42 U.S.C. § 423(d); Stunkard v. Sec'y of HHS, 841 F.2d 57, 59 (3d Cir. 1988).

## IV.   Discussion

### A.   The ALJ's Decision is Supported by the Record and the ALJ Was Not Required to Order a Consultative Medical Examination

#### 1.   The Medical Evidence in the Record Supports the ALJ's Decision

The SSA provides disability benefits only to those claimants who "are unable 'to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment.'" Heckler v. Campbell, 461 U.S. 458, 459-460 (1983), quoting 42 U.S.C. § 423(d)(1)(A)).  When evaluating a claim for disability benefits, the Commissioner applies a five-step sequential analysis.  20 C.F.R. § 404.1520; Sykes v. Apfel, 228 F.2d 259, 262-63 (3d Cir. 2000).  The Commissioner must consider, in this order, whether the claimant: (1) worked during the alleged period of disability; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in Appendix 1, Subpart P of the relevant regulation; (4) has an impairment that prevents him from returning to his past relevant work; and (5) can perform any other work in the national economy.  Id.  The claimant bears the burden of proof as to steps one, two, and four of this analysis.  Because step three involves a conclusive

presumption based on the listings, no one bears that burden of proof.  The government bears the burden of proof as to step five.  See Sykes v. Apfel, 228 F.3d 259, 263-65 (3d Cir. 2000).

A claimant shall not be considered disabled "unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require.  An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability . . . ."  42 U.S.C. § 423(d)(5)(A).

In the present case, the ALJ found that Plaintiff suffered from the severe impairment of diabetes, but concluded that he did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Subpart P, Appendix 1 of the regulation.  (R. 24-25).  While the ALJ's opinion is brief, this may be in part due to the fact that there was not much evidence in the record.  The ALJ discussed the only medical opinion of record, which is that of Dr. Mary Winthrop.  (R. 26).  Dr. Winthrop's two-page opinion is very brief.  After conducting a physical examination, a review of medical records, a review of the clinical history and all other appropriate tests and diagnostic procedures, Dr. Winthrop concluded that Plaintiff suffered from diabetes mellitus, arrythmia, and rhinorrhea, and that Plaintiff's physical and/or mental condition was such that he could work and was employable.  (R. 117).  Thus, as Dr. Winthrop herself concludes that Plaintiff's impairments do not hinder him from working, her opinion supports the ALJ's finding that Plaintiff is able to engage in substantial gainful activity.

Furthermore, the rest of the medical evidence supports the ALJ's conclusion.  X-ray and urinalysis results proved normal.  In a letter accompanying the eye examination records, Plaintiff's attorney before the ALJ, F. Randall Selagy, confirmed that Plaintiff had not visited the

Chester County Branch of the Pennsylvania Association for the Blind since February 24, 2003,

and that he suffers from a vision problem only because he does not have the money to obtain a

new pair of glasses.  (R. 149).  The Community Volunteers in Medicine progress notes, which

record Plaintiff's various medications and at one point note that Plaintiff is "doing well," also

support the ALJ's findings.  (R. 120-128).  All of these tests and notes support the ALJ's finding

that Plaintiff is not disabled under the Social Security Act.

2. It Is Plaintiff's Burden to Develop the Record

Plaintiff argues that the ALJ failed to develop the record and was required to order a

consultative examination.  This is not the case.  First, it is not the ALJ's burden to develop the

record.  Indeed, it is Plaintiff's responsibility to prove that he suffers from a severe impairment.

20 C.F.R. § 404.1520; Sykes v. Apfel, 228 F.2d 259, 262-63 (3d Cir. 2000).  And in the present

case, the ALJ made it clear to Plaintiff's counsel that it was his responsibility to provide more in

the medical record.  The ALJ asked Plaintiff's counsel, "Are there any documents that you have

learned that might be out there that would be beneficial that we do not have?"  (R. 164).

Plaintiff's counsel answered affirmatively, stating that he "would try" to get those documents.

(Id.).  The ALJ asked Plaintiff's counsel to contact the Blind Association to obtain any existing

records, and stated that he would keep the record open for three weeks in order that counsel have

the opportunity to submit additional medical records.  (R. 165-166).  Thus, the ALJ made it clear

to Plaintiff's counsel that it was Plaintiff's counsel, and not the ALJ, who was responsible for

supporting Plaintiff's claims of disability with medical support.

Further, the ALJ is not required to order a consultative examination.  The Social Security

Administration regulations state: "If your medical sources cannot or will not give us sufficient

-7-

medical evidence about your impairment for us to determine whether you are disabled or blind, we may ask you to have one or more physical or mental examinations or tests." 20 C.F.R. § 404.1517; see also 20 C.F.R. § 404.1519(a). The regulations leave the decision of ordering a consultative examination at government expense entirely within the ALJ's discretion. Indeed, the ALJ may or may not grant a consultative examination after giving consideration to whether the needed information is readily available from the existing record. Bomentre v. Barnhart, 2008 WL 1815330, *4 (E.D. Pa. Apr. 18, 2008). After reviewing the available information contained in the record, including the medical evidence and Plaintiff's own testimony, the ALJ clearly decided that he had enough information to conclude that Plaintiff had not met his burden and was not disabled.

**B.    The ALJ Properly Considered All Testimony**

In his Request for Review, Plaintiff contends that the ALJ erred in rejecting his testimony without good reason or adequate explanation, and that the ALJ improperly ignored the testimony of another witness, Robert Williams. (Pl.'s Br. at 5-8). When making credibility findings, the ALJ must indicate which evidence he rejects and which he relies upon as the basis for his findings. Schaudeck v. Commissioner of Social Sec. Admin., 181 F.3d 429, 433 (3d Cir. 1999). These findings must be specific enough to allow a reviewing court the opportunity to ascertain which evidence was accepted, which was rejected, and the reasons why. Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981).

In the present case, the ALJ set out legitimate reasons for his decision in a clear and logical manner. The ALJ considered and discussed Plaintiff's testimony. Indeed, the ALJ found that "the claimant's medically determinable impairment could reasonably be expected to produce

the alleged symptoms." (R. 26). The ALJ goes onto find, however, that "the claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible." (R. 26). The ALJ concluded that the limited medical evidence provided showed that Plaintiff's conditions are generally controlled with proper medications and that he does not require frequent medical intervention. As discussed above, the medical evidence of record supports this determination.

Finally, the fact that the ALJ did not explicitly discuss Robert Williams' testimony in his opinion does not warrant remand. The ALJ must show that he considered all of the evidence, but that does not mean that he must discuss every piece of evidence. Clifton v. Chater, 79 F.3d 1007, 1009-1010 (10th Cir. 1996); Vincent ex. rel. Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984). Indeed, an ALJ must explain why he has rejected relevant evidence or when there is conflicting probative evidence in the record. Cotter, 642 F.2d 700, 706.

In the present case, Mr. Williams testified that Plaintiff has complained to him of chest wheezing, lack of medicine and being tired. (R. 183). Mr. Williams testified that on occasion, he has seen Plaintiff fall asleep while Mr. Williams was driving him home from medical appointments. This testimony is cumulative; Plaintiff had already testified to everything that Mr. Williams stated. Indeed, much of Mr. Williams testimony was simply recounting what Plaintiff had said. Thus, the ALJ did not need to explicitly go into this testimony in his opinion, as Mr. Williams testimony did not add any new or conflicting information that was not already in the record and addressed by the ALJ.

**C.      The ALJ Properly Assessed Plaintiff's Residual Functional Capacity ("RFC")**

Residual functional capacity ("RFC") is defined as that which an individual is able to do despite the limitations caused by his impairments.  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  In assessing Plaintiff's RFC, the ALJ is required to consider Plaintiff's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions.  20 C.F.R. §§ 404.1545(a)(4), 416.945(a)(4).

The ALJ concluded that Plaintiff has the RFC to perform medium exertion work, which does not require lifting more than 50 pounds.  (R. 25.)  In comparing the physical and mental demands of his past relevant work as a maintenance worker and dry cleaning presser, the ALJ concluded that those jobs were performed at the medium exertion level and that Plaintiff is capable of performing this work as actually and generally performed.  (R. 26.)  Except for Plaintiff's testimony, which the ALJ found to be not entirely credible, nothing in the record refutes the ALJ's findings concerning residual functional capacity.  As such, Plaintiff's Request for Review will be denied.

An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


ROBERT REID                                    :          CIVIL ACTION


            v.                                 :


MICHAEL J. ASTRUE,                             :          NO. 06-cv-2694
COMMISSIONER OF SOCIAL SECURITY


**ORDER**

AND NOW, this  22nd   day of May, 2008, upon careful and independent consideration of

Plaintiff Robert Reid's Motion for Request for Review, and review of the record, it is hereby

ORDERED that:

(1)      Plaintiff's Motion (Doc No. 14) is DENIED;

(2)      The clerk shall mark this case CLOSED for statistical purposes.


                              BY THE COURT:

                              s/Michael M. Baylson


                              _____

                              Michael M. Baylson, U.S.D.J._____


O:\Clare\Reid v. Astrue 06-2694\Reid Social Security Memo.wpd